[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 7, 1999 Date of Application July 20, 1999 Date Application Filed: July 21, 1999 Date of Decision May 22, 2001
Application for review of sentence imposed by the Judicial District of New Haven at New Haven.
Docket No. CR 98-467740. CT Page 9966
Mary Ann Royale, Esq. For the petitioner
Robert O'Brien, Esq. For the State of Connecticut
 BY THE DIVISION
The petitioner pled guilty to conspiracy to sell controlled substances in violation of Conn. Gen. Statute 21a-277b. The petitioner was sentenced to seven years execution suspended after serving 42 months, with three years probation.
The record shows that the New Haven police received a complaint that drugs were being sold out of a third floor residence on Pine Street in that city. An undercover police officer drove to the area and was directed by the petitioner to go to the third floor to make a drug purchase.
The attorney for the petitioner claimed that he was told that if he received drug treatment prior to his sentence that the sentence would be mitigated by such actions. Counsel claimed he was given no such mitigation and indicated that the petitioner had no prior criminal record from 1991. She also wanted the panel to take into consideration that the petitioner suffered from mental illness. She asked the panel to reduce the sentence.
The petitioner when he spoke to the panel wanted a reduction in his sentence so that he could be with his family.
The state's attorney noted that the petitioner was a poor candidate for probation and asked for an affirmance of the sentence imposed.
When viewing the remarks of the sentencing judge we find that he did take into consideration the petitioner's prior involvement in criminal drug activity. He also noted the fact that the petitioner unilaterally enrolled in a drug treatment program. The court also reflected upon the mental illness of the petitioner noting that he refused to cooperate with the Capitol Region Mental Health Program.
This Division's authority to modify a sentence is limited, under Practice Book § 43-28 those sentences which are disproportionate or CT Page 9967 inappropriate using the various criteria indicated.
In reviewing this sentence pursuant to § 43-28 of the Practice Book, this Division cannot conclude it was either inappropriate or disproportionate.
Accordingly, it is AFFIRMED.
NORKO, J.
KLACZAK, J.
IANNOTTI, J.
Judges Norko, Klaczak, and Iannotti, participated in this decision.